IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER V. MOSES, D.O.,
KAY SPEIR, and
MELISA D. MILLION,

    Defendants.

Case No. 19-CR-177-GKF

**OPINION AND ORDER**

There are two unresolved issues raised by the briefing on defendant Kay Speir's Motion to Dismiss [Doc. 60] as to all defendants. First, the defendants argue that "Counts 2, 3, 4, 10, and 11 all allege conduct that occurred outside of the statute of limitations." [Doc. 72, p. 4]. The court noted in its Order dated April 7, 2020 that "Count 12 also appears to allege conduct outside the period of limitations." [Doc. 73, p. 6]. Because defendants raised this issue for the first time in reply, the court directed the government to file a sur-reply directed to this issue. [Doc. 73, p. 6]. To that end, the government filed its sur-reply arguing "[t]he conduct alleged in each of the counts ended within five years of September 5, 2019, the date of the original Indictment." [Doc. 74, p. 6]. Accordingly, in the government's view, dismissal is not warranted. The issue is now fully briefed.

The parties agree the applicable statute of limitations is five years. *See* 18 U.S.C. § 3282. "The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions." *Toussie v. United States*, 397 U.S. 112, 114 (1970). "Statutes of limitations normally begin to run when the crime is complete." *Id.* at 115. However, the limitations period

begins to run for "continuing offenses" only when the course of conduct terminates. Conspiracy, for example, "is the prototypical continuing offense." *United States v. Jaynes*, 75 F.3d 1493, 1505 (10th Cir. 1996).

"[T]he doctrine of continuing offenses should be applied in only limited circumstances." *Toussie*, 397 U.S. at 115. It is not "that a particular offense should never be construed as a continuing one." *Id.* Rather, an offense should only be considered a "continuing offense" if "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id.* As the Tenth Circuit has explained,

> "Continuing offense" is a term of art that does not depend on everyday notions or ordinary meaning. It is not the same as a scheme or pattern of illegal conduct. Rather, it is, in general, an offense that involves a prolonged course of conduct, and its commission is not complete until the conduct has run its course.

*United States v. Dunne*, 324 F.3d 1158, 1164 (10th Cir. 2003) (internal citations, quotation marks, and alterations omitted).

The government, in its previous filings, took the position that "[a] violation of [21 U.S.C.] § 841(a)(1) [Distribution of Controlled Substances] is not a continuing offense, regardless of how many times an individual defendant may have violated the statute or whether the defendant was engaged in an ongoing course of criminal conduct." [Doc. 65, p. 7]. The court agrees. There is nothing in the language of 21 U.S.C. § 841(a) which "compels" the conclusion that an offense committed thereunder is considered a continuing one. "If Congress had intended that to be the case, it could have clearly stated so." *Dunne*, 324 F.3d at 1164 (citing 18 U.S.C. § 3284). Nor does the nature of the crime involved indicate that Congress intended that it be a continuing offense. Distribution in violation of 21 U.S.C. § 841(a) occurs each time a controlled substance is distributed. "The term 'distribute' means to deliver or to transfer possession or control of

2

something from one person to another." Tenth Circuit Pattern Jury Instruction § 2.85.1 (2018). The term "includes the sale of something by one person to another." *Id.* The statute contemplates a single act of distribution, not a prolonged course of conduct. [Doc. 73, pp. 4-5]; *see also Dunne*, 324 F.3d at 1165.

For this reason, the "continuing offense" exception does not apply to Counts 2, 3, 4, 10, 11, and 12. The government does not advocate for the application of any other principle which would toll the period of limitations or otherwise require the period commence at some time other than the commission of the offense. Accordingly, the general rule that "[s]tatutes of limitations normally begin to run when the crime is complete" applies here. *See Toussie*, 397 U.S. at 115. Any act of distribution which the government alleges took place before September 5, 2014, five years before the date of the Indictment, is time-barred.

The second issue before the court is the typographical error in Count 13 of the Superseding Indictment. Count 13 of the Superseding Indictment currently reads "Beginning in or about April 2016 and continuing thereafter to in or about March 2016." [Doc. 48, p. 20]. The government requests amendment of the scrivener's error to correctly state "Beginning as early as in or about February 2016 and continuing thereafter to in or about March 2016." [Doc. 74, p. 7]. Although a district court may not amend the substance of an indictment, it may make amendments to its form, such as correcting spelling and typographical errors. *See United States v. Cook*, 745 F.2d 1311, 1316 (10th Cir. 1984). In order to correct the typographical error, Count 13 of the Superseding Indictment shall be amended as suggested.

WHEREFORE, the government may prosecute the defendants only for alleged violations of 21 U.S.C. § 841(a) that occurred on or after September 5, 2014. Those portions of Counts 2, 3, 4, 10, 11, and 12 of the Superseding Indictment [Doc. 48] that allege conduct that occurred prior

to September 5, 2014 are dismissed. Within fourteen (14) days of this order, the parties shall attempt to coordinate redactions or amendments to the Superseding Indictment that comply with this ruling. If no agreement is reached, the parties shall discuss their views as to redactions/amendments with the court at the pretrial conference. In addition, Count 13 of the Superseding Indictment is amended as described above.

IT IS SO ORDERED this 16th day of April, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE